1    **WO**

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Rafaela Valenzuela,                        No. CV-12-00463-TUC-CKJ

10                          Plaintiff,           **ORDER**

11   v.

12   Cochise County,

13                          Defendant.

14          Pending before this Court is Defendant's Motion to Dismiss.  (Doc. 5).  Plaintiff

15   filed a *pro se* Response on September 17, 2012.  (Doc. 7).  Defendant filed a Reply on

16   September 27, 2012.  (Doc. 8).  Thereafter, on October 9, 2012, Plaintiff filed a *pro se*

17   Motion for Leave to Amend Complaint.   (Doc. 9).   Defendant filed a Response on

18   October 16, 2012.  (Doc. 10).  Plaintiff then filed a *pro se* Oral Argument Requested (sic)

19   on November 5, 2012.  (Doc. 11).

20          As an initial matter, the Court finds this matter appropriate for decision without

21   oral argument.  *See* LRCiv. 7.2(f).  As such, Plaintiff's request for oral argument is

22   denied.  After reviewing the moving, opposing, and replying papers, for reasons set forth

23   below, the Court grants Defendant's Motion to Dismiss and grants Plaintiff's *pro se*

24   Motion for Leave to Amend Complaint.

25

26

27

28

*Background*[1]

Plaintiff describes herself as a dark-skin Hispanic woman. She has a bachelor's degree and extensive work experience as a community educator and outreach coordinator. On September 4, 2007, she began working for Defendant as a Community Education and Outreach Coordinator. Plaintiff alleges that beginning in the fall of 2007; she was subjected to a pattern of discrimination based upon her national origin and color, which ultimately resulted in her unlawful termination. This alleged harassment involved humiliating comments and false accusations that she could not perform her job. She explains that Doyle Reynolds, her supervisor, treated dark-skin Hispanics less favorably than light-skin Hispanics and non-Hispanics.

In November 2007, Plaintiff filed a racial complaint against Mr. Reynolds. Defendant found that Mr. Reynolds had uttered racial slurs and issued a verbal reprimand in January 2008. Subsequently, Mr. Reynolds allegedly created a hostile working environment for Plaintiff. She alleges that on five separate occasions, he attempted to terminate her employment, she was routinely excluded from training sessions and meetings, and unlike light-skin Hispanics and non-Hispanics, she was required to clock in and out each day.

On October 9, 2009, Defendant notified Plaintiff that her position may be terminated due to a lack of grant money to fund her position. Plaintiff alleges that while non-Hispanics were not terminated despite being funded under the same grant, her position was terminated. Additionally, Plaintiff received a letter of reprimand from Defendant two days before her last day at work, however, she alleges that there was no basis to receive a letter of reprimand. Plaintiff's final day of employment was October 30, 2009.

Plaintiff alleges that Defendant failed to assist her in gaining reemployment after her position was terminated and she has not been rehired by the Defendant despite

---

[1] The background information is principally derived from Plaintiff's Complaint. (Doc. 1). The Court accepts as true the factual allegations set forth in Plaintiff's Complaint for the purposes of resolving these motions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

available positions for which she is qualified.  On September 27, 2010[2], Plaintiff filed charges of discrimination with the Arizona Civil Rights Division and the Federal Equal Employment Opportunity Commission (EEOC) against Defendant for discriminating against her based upon her national origin and race/color.  On March 21, 2012, Plaintiff received a letter from the EEOC advising her of her right to sue within 90 days.  Thereafter, on June 19, 2012 exactly 90 days after receiving the EEOC letter, Plaintiff filed a Complaint alleging that Defendant discriminated against, retaliated against, and unlawfully terminated her because of her national origin and race/color in violation of Title VII, 42 U.S.C. §2000e-2.

*Motion to Dismiss*

On October 29, 2012, Defendant filed a Motion to Dismiss alleging a lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  Defendant contends that pursuant to Title VII, a complainant in Arizona must file an EEOC charge within 300 days after the alleged unlawful employment practice occurred.  Failure to file a timely EEOC charge results in the claim being time barred.  Defendant argues that Plaintiff filed her EEOC charges on November 15, 2010, which would only support alleged acts of discrimination occurring on or after January 18, 2010.  Since Plaintiff was terminated from her position on October 30, 2009, she is time barred from bringing suit against Defendant at this time.

Plaintiff argues that on December 1, 2009, Defendant sent her a letter advising her that she would not be considered for re-employment.  Thereafter, she filed a charge of discrimination with the EEOC on September 27, 2010.  Plaintiff argues that since she filed the EEOC charge within 300 days of December 1, 2009, her claim was timely.

---

[2] Defendant disputes this date and alleges that Plaintiff filed her EEOC charges against Defendant on November 15, 2010.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Legal Standard*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Neither do mere assertions devoid of any factual enhancement.  *Id.*  A court does not have to accept as true, legal conclusions unsupported by factual allegations.  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id* at 678.  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

This Court must take as true all allegations of material fact and construe them in the light most favorable to the plaintiff.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).  Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

In "considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is

not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1011 n.4, 91 L.Ed. 1209 (1947)).   Further, in attacks on subject matter jurisdiction pursuant to Rule 12(b)(1), Plaintiffs bear "the burden of proof that jurisdiction does in fact exist." *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).   The Court need not consider unreliable evidence, and "no presumptive truthfulness attaches to plaintiff[s'] allegations." *Id.*

In the context of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court's review is generally limited to the contents of the complaint. *Campanelli, v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).   However, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat' Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) *citing Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006) (quoting *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994)(*internal quotations omitted*)).

Defendant submitted with its Motion a charge of discrimination form, signed by the Plaintiff on November 15, 2010, which charged Defendant with an EEOC violation for discriminating against Plaintiff based upon her color and national origin.   In her response, Plaintiff submitted a signature page purported to be a charge of discrimination signed by the Plaintiff on September 27, 2010.   Plaintiff then attached several documents to her Motion for Leave to Amend Complaint including two pages from Defendant's human resources booklet, Defendant's October 9, 2009 letter to Plaintiff terminating her position, a four page EEOC intake questionnaire signed by Plaintiff on September 27, 2010, an EEOC notice of charge signed by an EEOC official on September 29, 2010, a copy of the charge of discrimination signed by Plaintiff on November 15, 2010, a copy of the EEOC notice of charge of discrimination signed by the district director on December

3, 2010, and the first page of a letter from Defendant regarding the EEOC charge dated January 13, 2011.

The majority of these documents are referenced in the Complaint explicitly or implicitly, they are central to the Plaintiff's claim, and no party has questioned the authenticity of these documents.[3]  Accordingly, the Court will consider all the documents outlined above in consideration of these motions, with the exception of the first page of a letter from Defendant regarding the EEOC charge dated January 13, 2011, and the EEOC notice of charge of discrimination signed by the district director on December 3, 2010. These documents are not referenced in any capacity in Plaintiff's Complaint and will not be considered by the Court.

*Analysis*

In order to establish subject matter jurisdiction, a Plaintiff is required to exhaust her administrative remedies prior to seeking the adjudication of a Title VII claim.  *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).  "Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge."  *Id*. at 1104 citing 42 U.S.C. §2000e-5(b).  The court may only consider those claims that were included in the EEOC charge unless new claims are similar or reasonably related to the allegations in the EEOC charge.  *Id*.

While the parties dispute the date upon which Plaintiff filed a charge of discrimination with the EEOC, Defendant does not dispute that Plaintiff filed such a charge.  Plaintiff alleges in her Complaint that she filed a charge of discrimination with

---

[3] Defendant contests the authenticity of the signature page submitted by Plaintiff as evidence that she filed an EEOC charge on September 27, 2010.  This document was attached to Plaintiff's Opposition to Defendant's Motion.  Specifically Defendant argues that this document is not a sufficient charge because it does not meet the statutory criteria of a sufficient EEOC charge.  Plaintiff attached to her Motion for Amended Complaint the same signature page signed by Plaintiff on September 27, 2010 along with the accompanying pages.  Defendant did not contest the authenticity of the completed attachment in its opposition to Plaintiff's Motion to Amend Complaint.

the Arizona Civil Rights Division and the EEOC in September 2010.  In support of her allegation, Plaintiff has submitted a copy of an intake questionnaire for the EEOC signed and dated by the Plaintiff on September 27, 2010.  This questionnaire alleges that Defendant retaliated against her after she reported racial discrimination by her former supervisor Doyle Reynolds and Defendant failed to rehire her after she was laid off due to a lack of funding.[4]  Plaintiff has also submitted a copy of a Notice of Charge of Discrimination signed by the acting district director for the EEOC, Rayford Irvin, on September 29, 2010.  This Notice of Charge was sent to the Defendant from the EEOC and notifies Defendant that a charge of employment discrimination has been filed against Defendant under Title VII.  Finally, Plaintiff submitted a document entitled "Charge of Discrimination," which is signed by the Plaintiff, and dated November 15, 2010.  This document also describes the Plaintiff's allegations of discrimination against Defendant.

After reviewing these documents and the filings in this case, the Court is convinced that Plaintiff sufficiently filed a claim with the EEOC.

*Timeliness of EEOC Charge*

In order to sustain subject matter jurisdiction, a charge with the EEOC must be filed within the statutory time period.  *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).  A claim is time barred if not filed with the EEOC within the statutory time limits.  *Id*.  Title 42 U.S.C. §2000e-5(e)(1) sets the time period in which a charge must be filed prior to filing suit.  *Id*.  "Strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of the law."  *Id*. at 108 (internal quotation marks and citation omitted).

"In a State that has an entity with the authority to grant or seek relief with respect

---

[4] Plaintiff also alleged discrimination based upon a disability in violation of the Americans with Disabilities Act in the questionnaire she filed with the EEOC.  In her Complaint she only alleges that Defendant discriminated against her in violation of Title VII based upon her national origin and race/color.  Accordingly the Court's analysis will be limited to Plaintiff's claim under Title VII.

to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the unlawful employment practice; in all other States, the charge must be filed within 180 days." *Id*. Defendant concedes that Plaintiff was required to file a charge with the EEOC within 300 days of the alleged unlawful employment practice. Moreover, the Arizona Civil Rights Division is a State agency that enforces laws prohibiting employment discrimination, and Plaintiff filed a claim with that agency. As such, Plaintiff's charge with the EEOC must have been filed within 300 days of the unlawful employment practice to be actionable. *See Equal Employment Opportunity Commission v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); *Stribling v. Concord Village, Inc.*, 2011 WL 3648280 (D. Ariz. 2011).

In her Complaint, Plaintiff alleges that she was subjected to a pattern of discrimination by Defendant beginning in or around the fall of 2007 and continuing until she was terminated on October 30, 2009. She then alleges in her opposition to Defendant's Motion that she filed a charge with the EEOC on September 27, 2010. Plaintiff was terminated from her employment with Defendant on October 30, 2009, 332 days before September 27, 2010 and thus her claim is untimely. As such, Defendant's Motion to Dismiss Plaintiff's Complaint will be granted.

*Motion for Leave to Amend Complaint*[5]

Rule 15, Federal Rules of Civil Procedure, governs the amendment of pleadings in a civil action. The rule mandates that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

---

[5] Defendant's sole argument in opposition to Plaintiff's Motion is her failure to comply with LRCiv. 15.1, which requires parties to attach a copy of the proposed amended pleading with any motion for leave to amend a pleading. Plaintiff filed her pleading and motion *pro se* and the Court declines to deny her Motion based solely on her failure to comply with the local rule.

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 228, 9 L.Ed.2d 222 (1962).  Further, whether leave to amend should be granted is committed to the sound discretion of the district court.  *Id.*

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."  *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).  The test to determine futility is identical to the one used when considering the sufficiency of a pleading under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.* (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

In her Motion for Leave to Amend Complaint, Plaintiff alleges that on December 1, 2009, Defendant sent her a letter denying her reemployment.  While not specifically discussed in the original Complaint, Plaintiff alleges in her Motion and in the questionnaire she submitted to the EEOC, that Defendant refused to re-hire her after her position was terminated, because of discrimination based on her national origin and race/color.   Plaintiff allegedly filed this questionnaire with the EEOC on September 27,

1
2
3

2010, which is exactly 300 days after December 1, 2009.  As such, the Court must construe whether the questionnaire filed with the EEOC and signed by the Plaintiff on September 27, 2010 was a charge as required by the statute.

4
5
6
7
8
9
10
11
12
13
14
15
16
17

A document constitutes a charge if it (1) provides the minimum information the regulations require, and (2) can reasonably be "construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee."  *Federal Express Corp. v. Holowecki,* 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008).  Pursuant to the regulations, a charge should contain the following:  "(1) the full name, address and telephone number of the person making the charge …; (2) the full name and address of the person against whom the charge is made, if known; (3) a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices …; (4) if known, the approximate number of employees of the respondent employer …; and (5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency."  29 C.F.R. §1601.12, 42 U.S.C. foll. §2000e-4.

18
19
20
21
22
23
24

The intake questionnaire Plaintiff filed with the EEOC provided the minimum information necessary pursuant to the regulations.[6]  Additionally, on the last page of the questionnaire, Plaintiff checked a box indicating that she wanted to file a charge of discrimination and authorized the EEOC to look into the discrimination listed above.  The Court finds that the questionnaire submitted by the Plaintiff can reasonably be construed as a request for the agency to take remedial action to protect the employee's rights.  *See*

25
26
27
28

[6] Defendant argues in its Reply in support of its Motion to Dismiss that Plaintiff only submitted the last page of the document she allegedly signed on September 27, 2010 and thus this document did not contain the minimum information required by the regulations. However, Plaintiff attached a complete copy of the questionnaire to her Motion for Leave to Amend Complaint, and as such, the Court has the entire questionnaire to review.  Moreover, Defendant did not contest the authenticity of the questionnaire attached to Plaintiff's Motion, in its opposition.

*Holowecki,* 552 U.S. at 402.   As such, the questionnaire signed by the Plaintiff on September 27, 2010 constituted a charge of discrimination.

Assuming that Plaintiff filed the questionnaire with the EEOC on September 27, 2010, Plaintiff is only entitled to allege unlawful employment practices that occurred within the preceding 300 days in her Complaint.   There are two types of unlawful employment practices that can be the subject of a Title VII claim, (1) discrete discriminatory acts and (2) a hostile work environment.   *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

"A discrete retaliatory or discriminatory act occurred on the day that it happened." *Id*. (internal quotation marks omitted).   Plaintiff must have filed a charge with the EEOC within 300 days of the date of the discrete or discriminatory act or lose the ability to recover for it.   *Id*.   Discrete or discriminatory acts include instances such as a failure or refusal to hire, the discharge of an individual or discrimination with respect to compensation, terms, conditions, or privileges of employment, because of such person's race, color, religion, sex, or national origin.   *See* 42 U.S.C. §2000e-2(a)(1);   *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).   A discrete act that falls within the 300 day time period does not make acts that occurred outside the 300 day period timely.   *Id*. at 112.   "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."   *Id*. at 113.   Therefore, the charge must be filed within 300 days after the discrete discriminatory act occurred.[7]   *Id*.

In her filings, Plaintiff alleges discrete discriminatory acts including unlawful termination and a refusal to re-hire.   Since the earliest she filed a charge with the EEOC was September 27, 2010, only those discriminatory acts that occurred within the preceding 300 days are actionable.   Accordingly, Plaintiff cannot state a claim based

[7] The preclusion of acts occurring outside the 300 day time period as claims for recovery does not bar an employee from using the prior acts as background evidence in support of a timely claim.   *Morgan*, 536 U.S. at 113.

- 11 -

upon her alleged unlawful termination from employment which occurred on October 30, 2009 since that date is more than 300 days prior to the filing of her claim with the EEOC. Plaintiff can however, potentially state a sufficient claim for relief based upon Defendant's refusal to re-hire her, due to alleged discrimination, since that discriminatory act occurred on December 1, 2009, exactly 300 days prior to the filing of her claim with the EEOC.

In addition to alleging discrete discriminatory acts, Plaintiff further alleges that Defendant created a hostile work environment.  Hostile work environment claims involve repeated conduct and cannot be said to occur on any particular day.  *Id*. at 115.  It does not matter if some of the acts constituting the hostile work environment occurred outside the 300 day time period, provided that at least one act contributing to the hostile work environment claim occurred within the filing period.  *Id*. at 117.  Even assuming Plaintiff could sufficiently plead a hostile work environment claim; her employment terminated on October 30, 2009 and was never reinstated.  As such, Plaintiff cannot allege any acts constituting a hostile work environment occurring after the date of her termination, when she was no longer in that work environment.  The earliest date Plaintiff can state a timely claim is December 1, 2009, which is the date she was allegedly not re-hired.  The refusal to rehire Plaintiff was a separate discrete discriminatory act.  It was not an act related to the alleged hostile work environment.  Thus it cannot relate back to the hostile work environment claim.  *See Id*. at 118.  As such, Plaintiff's hostile work environment claim is time barred.

Accordingly, IT IS ORDERED:

1.      Defendant's Motion to Dismiss (Doc. 5) is GRANTED regarding Plaintiff's Title VII claims arising prior to December 1, 2009.

2.      Plaintiff's Motion for Leave to Amend Complaint (Doc. 9) is GRANTED in part.  **Plaintiff is granted leave to file a First Amended Complaint on or before**

**February 11, 2013, alleging any unlawful employment practices of the Defendant based upon occurrences on or after December 1, 2009**.

      3.    If Plaintiff fails to file a first amended complaint on or before February 11, 2013, the Clerk of Court must, without further notice, enter a judgment dismissing this case with prejudice.

      4.    Plaintiff's Oral Argument Requested (sic) (Doc. 11) is DENIED.

Dated this 7th day of January, 2013.

Cindy K. Jorgenson
United States District Judge