1  WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Rafaela Valenzuela,                          No. CV-12-00463-TUC-CKJ

10                     Plaintiff,                 **ORDER**

11  v.

12  Cochise County,

13                     Defendant.

14          Pending before the Court is Defendant's Motion for Summary Judgment, (Doc.

15  66), Defendant's Motion for Summary Disposition of Defendant's Motion for Summary

16  Judgment, (Doc. 71), and Plaintiff's Motion Regarding Attorney Fees and Court Costs.

17  (Doc. 72).

18

19  **I.       Procedural Background**

20          On June 19, 2012, Plaintiff filed a *pro se* Complaint alleging national origin and

21  race discrimination in violation of Title VII of the Civil Rights Act of 1964.  (Doc. 1).  In

22  her Complaint, Plaintiff describes herself as a dark-skin Hispanic woman.   Plaintiff

23  alleges that beginning in the fall of 2007; while she was employed with Defendant as a

24  Community Education and Outreach Coordinator, she was subjected to a pattern of

25  discrimination based upon her national origin and color, which ultimately resulted in her

26  unlawful termination.  This alleged harassment involved humiliating comments and false

27  accusations that she could not perform her job.

28          Plaintiff   further   alleged   that   Defendant   failed   to   assist   her   in   gaining

reemployment after her position was terminated and she has not been rehired by the Defendant despite available positions for which she is qualified.

On January 8, 2013, the Court granted Defendant's Motion to Dismiss, dismissing Plaintiff's Title VII claims arising prior to December 1, 2009 due to Plaintiff's failure to timely pursue her administrative remedies.   (Doc. 12).   The Court found that any allegations related to a hostile work environment or unlawful termination were untimely. However, the Court explained that any claims based on Defendant's failure to hire Plaintiff that occurred on or after December 1, 2009 were timely.

On February 8, 2013, Plaintiff filed a First Amended Complaint.  (Doc. 13).  In her First Amended Complaint, Plaintiff alleged a series of jobs that she applied for with Defendant including: a Housing Assistant job with the Housing Authority Department in October 2009; a Victim Advocate position with the County Attorney's office in November 2009; a Community Nutrition Worker III with the Health Department and a Housing Outreach Coordinator with the Housing Authority Department in July 2010; a Court Interpreter with the Arizona Superior Court in Cochise County in September 2010, January 2011 and a third time in December 2012; and finally an Indigent Defense Support Specialist with the Indigent Defense Coordinator's Office in July 2011.  Plaintiff alleged that while she was qualified for all of these positions, she was not interviewed or hired based on national origin discrimination and retaliation for filing complaints regarding discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964.

On March 3, 2014, Defendant filed a Motion for Summary Judgment.  (Doc. 66). On March 5, 2014, the Court issued a Notice, required under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998), that informed Plaintiff of her obligation to respond to Defendant's Motion on or before April 8, 2014 and of the requirements under Federal Rule of Civil Procedure 56.  (Doc. 69).  After failing to file a response to Defendant's Motion, Defendant filed a Motion for Summary Disposition of Defendant's Motion for Summary Judgment on April 17, 2014.  (Doc. 71).  On May 9, 2014, Plaintiff filed a

1  Motion Regarding Attorney Fees and Court Costs.  (Doc. 72).  Defendant filed a

2  Response on May 12, 2014.  (Doc. 73).  Plaintiff has not filed a reply.  To date, Plaintiff

3  has not filed a response to Defendant's Summary Judgment Motion.

4

5  ## II.      Motion for Summary Disposition

6       Defendant argues that due to Plaintiff's failure to file a response to Defendant's

7  Summary Judgment Motion, Defendant's Motion should be summarily granted pursuant

8  to LRCiv. 7.2(i).  Plaintiff has not responded to this Motion.

9       Pursuant to Local Rule 7.2(i):

10           If a motion does not conform in all substantial respects with
             the requirements of this Local Rule, or if the unrepresented
11           party or counsel does not serve and file the required
             answering memoranda, or if the unrepresented party or
12           counsel fails to appear at the time and place for oral
             argument, such non-compliance may be deemed a consent to
13           the denial or granting of the motion and the Court may
             dispose of the motion summarily.
14

15       LRCiv. 7.2(i).  Plaintiff has failed to timely file a response to Defendant's Motion

16  for Summary Judgment.  While Plaintiff is representing herself, she is still bound by the

17  Rules of Civil Procedure. *See American Ass'n of Naturopathic Physicians v.*

18  *Hayhurst,* 227 F.3d 1104, 1107-08 (9th Cir.2000) (holding that the *pro se* litigant must

19  follow court rules).

20       However, "a local rule that requires the entry of summary judgment simply

21  because no papers opposing the motion are filed or served, and without regard to whether

22  genuine issues of material fact exist, would be inconsistent with Rule 56, hence

23  impermissible under Rule 83."  *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir.

24  1993).   Pursuant to Federal Rule of Civil Procedure 56, the moving party is only entitled

25  to summary judgment if the party can establish that there are no issues of material facts

26  requiring a trial.  *Id*. Thus, the Court should deny a motion for summary judgment if the

27  movant fails to establish the absence of triable issues.  *Id*.  As such, this Court shall not

28  summarily grant Defendant's Motion based upon Plaintiff's failure to timely file a

1   response to Defendant's Summary Judgment Motion.

2

3   **III.    Motion Regarding Attorney's Fees and Costs**

4          Plaintiff has filed a Motion requesting that the Court direct that each party is

5   responsible for their own attorney fees and court costs.  Plaintiff explains that she is

6   unemployed and it would be an undue hardship if she was required to pay Defendant's

7   attorneys' fees.  In response, Defendant argues that there has not been an entry of final

8   judgment in this case and as such, any motion regarding attorney's fees is premature.

9          A motion for attorney's fees is due within 14 days after the entry of judgment and

10  in any such motion, a party must specify the judgment, upon which the motion is based.

11  Fed.R.Civ.P. 54(d)(2)(B);  LRCiv. 54.2(b)(2).   Since Plaintiff's Motion regarding

12  attorneys' fees was filed before the entry of a judgment, it is premature.   Moreover,

13  Plaintiff has not complied with Fed.R.Civ.P. 54.  As such, Plaintiff's Motion is denied.

14

15  **IV.    Summary Judgment Legal Standard**

16         Summary judgment may be granted if the movant shows "there is no genuine issue

17  as to any material fact and that the moving party is entitled to judgment as a matter of

18  law."   Rule 56(c), Federal Rules of Civil Procedure.  The moving party has the initial

19  responsibility of informing the court of the basis for its motion, and identifying those

20  portions of "the pleadings, depositions, answers to interrogatories, and admissions on file,

21  together with the affidavits, if any," which it believes demonstrate the absence of a

22  genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct.

23  2548, 91 L.Ed.2d 265 (1986).

24         Once the moving party has met the initial burden, the opposing party must "go

25  beyond the pleadings" and "set forth specific facts showing that there is a genuine

26  [material] issue for trial."  *Id.*, 477 U.S. at 248, 106 S.Ct. at 2510, internal quotes omitted.

27  The nonmoving party must demonstrate a dispute "over facts that might affect the

28  outcome of the suit under the governing law" to preclude entry of summary judgment.

1    *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d

2    202 (1986).  Further, the disputed facts must be material. *Celotex Corp.*, 477 U.S. at 322-

3    23.

4           In opposing summary judgment, a plaintiff is not entitled to rely on the allegations

5    of her complaint, Fed.R.Civ.P. 56(e), or upon conclusory allegations in affidavits.

6    *Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992).  Further, "a party cannot

7    manufacture a genuine issue of material fact merely by making assertions in its legal

8    memoranda."  *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter*

9    *Kiddle & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

10          The dispute over material facts must be genuine.  *Anderson*, 477 U.S. at 248, 106

11   S.Ct. at 2510.  A dispute about a material fact is genuine if "the evidence is such that a

12   reasonable jury could return a verdict for the nonmoving party." *Id.*  A party opposing a

13   properly supported summary judgment motion must set forth specific facts demonstrating

14   a genuine issue for trial.  *Id.*  Mere allegation and speculation are not sufficient to create a

15   factual dispute for purposes of summary judgment.  *Witherow v. Paff*, 52 F.3d 264, 266

16   (9th Cir. 1995) (per curiam).  "If the evidence is merely colorable or is not significantly

17   probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50, 106 S.

18   Ct. at 2511.

19          However, the evidence of the nonmoving party is to be believed and all justifiable

20   inferences are to be drawn in her favor.  *Id.* at 255.  Further, in seeking to establish the

21   existence of a factual dispute, the non-moving party need not establish a material issue of

22   fact conclusively in her favor; it is sufficient that "the claimed factual dispute be shown

23   to require a jury or judge to resolve the parties' differing versions of the truth at trial."

24   *T.W. Elec. Serv*. V. Pacific Electrical Contractors Association, 809 F.2d 626, 631 (9th

25   Cir. 1987).

26          Additionally, the Court is only to consider admissible evidence.  *Moran v. Selig*,

27   447 F.3d 748, 759-60 (9th Cir. 2006) (pleading and opposition must be verified to

28   constitute opposing affidavits); *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th

1    Cir. 1991) (declarations and other evidence that would not be admissible may be
2    stricken).

3

4    **V.    Factual Background**

5            In Defendant's Motion for Summary Judgment, Defendant provides a statement of
6    facts material to the motion.  (Doc. 66 at p. 4).  In failing to respond to Defendant's
7    Motion, Plaintiff does not dispute the facts as set forth by Defendant.  While the Court
8    must consider a *pro se* plaintiff's verified complaint or motion as an affidavit in
9    opposition to summary judgment, Plaintiff's Complaint is not verified.  *See* (Doc. 1).
10   *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (court must consider a *pro se*
11   plaintiff's contentions in motions and pleading where such contentions are based on
12   personal knowledge and attested to under penalty of perjury).  As such, the Court adopts
13   the statement of facts as provided in Defendant's Motion for Summary Judgment, which
14   are provided as follows:

15                   Cochise County is a governmental body located in
16           southeastern Arizona. [Defendant's Statement of Fact
                 "DSOF" 1]. Cochise County is an equal opportunity employer
17           that maintains and promulgates policies prohibiting unlawful
                 discrimination and retaliation, and provides a complaint
18           mechanism for its employees. [DSOF 2-6, 13]. The Housing
                 Authority is a department within Cochise County government
19           that serves to expand and improve housing opportunities, and
                 quality, within the County. [DSOF 7-10]. At all relevant
20           times, the Housing Authority's employee base was
                 approximately 50% Hispanic. [DSOF 9].

21                   On or about September 4, 2007, Cochise County hired
                 Plaintiff in its Housing Department as a Community Outreach
22           Coordinator. [DSOF 11-13]. Plaintiff was hired in a grant-
                 funded position within the Lead Program and was responsible
23           for traveling throughout the County to test persons for lead
                 poisoning and conduct community education on the hazards
24           of lead. [DSOF 14-16]. During late 2007 and early 2008,
                 Plaintiff made several written complaints concerning her
25           then-supervisor, Mr. Doyle Reynolds, alleging inappropriate
                 workplace comments. [DSOF 17-22]. Plaintiff's complaints
26           were investigated by then-Housing Authority Director
                 Michael Royer, and the Cochise County Human Resources
27           Department, who sustained one of the allegations – the use of
                 the phrase "Mexican doorbell" in reference to the use of an
28           automobile horn. [DSOF 22-23]. On or about January 31,
                 2008, Mr. Reynolds was counseled for his inappropriate

comment, and, shortly thereafter, Plaintiff was supervised directly by Mr. Royer. [DSOF 23, 26].

Both before, and after, her complaints about Mr. Reynolds, Plaintiff's employment was characterized by a number of performance and misconduct issues including chronic tardiness and absenteeism [DSOF 24-25, 27, 31, 34-37, 41, 45-46]; citizen complaints [DSOF 28, 52]; failure to follow direction [DSOF 38-40]; misuse of County equipment [DSOF 42-43, 45-46]; and attempts to obtain confidential County files for personal use, including dishonest behavior in the process. [DSOF 48-51].

During May 2009, the Housing Authority was headed by a new Executive Director, Ms. Anita Baca, who had no prior history with Plaintiff or Plaintiff's complaints regarding Mr. Reynolds. [DSOF 53]. Nonetheless, Ms. Baca was also required to provide Plaintiff with counseling regarding Plaintiff's poor attendance and absenteeism. [DSOF 54]. On October 27, 2009, Ms. Baca provided Plaintiff with her fourth Letter of Reprimand, which involved Plaintiff's chronic absenteeism and tardiness, as well as falsification of a time record. [DSOF 57-58].

On or about October 30, 2009, Plaintiff was terminated from her employment with Cochise County along with the loss of her grant-funded position. [DSOF 55-56].

Thereafter, Plaintiff applied for a number of positions with Cochise County in which she was required to provide truthful information, under penalty of perjury, on each employment application. [DSOF 64]. For each position, except the Indigent Defense Support Specialist position, Plaintiff stated that she had never been convicted of a criminal offense. [DSOF 65-71]. In actuality, Plaintiff had been twice convicted of criminal offenses prior to filling out the applications. [DSOF 59-63]. For the Indigent Defense Support Specialist position, Plaintiff did not state whether she had been convicted and instead wrote will "discuss at interview." [DSOF 70]. Plaintiff's false information on her job applications was sufficient to render her unqualified for any of the positions. [DSOF 72-73].

In addition to her facial disqualification for providing false or misleading information on her job applications, and her prior performance issues, Plaintiff was not hired for the following additional reasons. Plaintiff was not hired for the Housing Assistant and HOPWA Outreach Coordinator positions with the Housing Authority because of her prior history of poor performance and misconduct. [DSOF 75-89]. Additionally, as to the Housing Assistant position, that position did not receive a sufficient number of applicants and, therefore, was closed before being filled. [DSOF 76-77, 103]. Plaintiff did not apply for the Victim Advocate position in November 2009, although she did apply for a Clerk II position that ultimately was not filled by any applicant. [DSOF 74, 90-92,

95]. Plaintiff did not meet the minimum qualifications for the Public Health Nutritionist position. [DSOF 93, 95]. Plaintiff was not selected for the Community Nutrition Worker position as she was not the most qualified applicant. [DSOF 94-95]. Plaintiff did not meet the minimum qualification for the Indigent Defense Support Specialist position based on her incomplete application responses. [DSOF 70-71, 97-98]. Finally, the Court Interpreter positions that Plaintiff allegedly applied for were employment opportunities through the State of Arizona, not through Cochise County. [DSOF 99-100].

Plaintiff, on the other hand, does not know who filled the positions, the qualifications of who filled the positions, or the selection/decision-making process for the Victim Advocate, Clerk II, Public Health Nutritionist, Community Nutrition Worker, or Indigent Defense Support Specialist positions. [DSOF 101-102, 105-106, 109-110]. Plaintiff has no evidence that Ms. Munoz received a special appointment to Housing Assistant based on race, or because of Plaintiff's complaints regarding Mr. Reynolds. [DSOF 103-104]. Plaintiff does not know the qualifications of Ms. Whitney, who received the HOPWA Outreach Coordinator position. [DSOF 108].

On November 15, 2011, Plaintiff filed her formal EEOC Charge which only mentions failure to hire for the Housing Assistant and HOPWA Outreach Coordinator positions and names Cochise County as the only Respondent. [DSOF 111-113].

(Doc. 66 at p. 4 to 7).

## VI.   Analysis

Plaintiff alleged in her First Amended Complaint that after her termination from employment, Defendant failed to hire her for six different positions due to national origin and race discrimination and in retaliation for filing a racial complaint against her supervisor in November 2007.

Pursuant to Title VII, it is unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's … race or national origin."  42 U.S.C. §2000e-2(a)(1).  Further, Title VII prohibits an employer from discriminating against an applicant for employment because the applicant had previously made a charge alleging employment discrimination.  42 U.S.C. §2000e-3(a).

- 8 -

The Court applies a three step analysis to determine whether Plaintiff was discriminated against on the basis of her national origin or race or retaliated against as a result of making a charge of discrimination. *Ruggles v. California Polytechnic State University*, 797 F.2d 782, 786 (9th Cir. 1986); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984). Initially, Plaintiff has the burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In order to establish a *prima facie* case of discriminatory failure to hire based upon Plaintiff's national origin or race, Plaintiff must establish (1) that she belongs to a protected class; (2) that [she] applied for and was qualified for the position; (3) that she was rejected despite her qualifications; and (4) the position remained open." *Thorne v. City of El Segundo*, 726 F.2d 459, 464 (9th Cir. 1983) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973). In order to establish a *prima facie* case of failure to hire involving a claim of retaliation, the plaintiff must show that "1) she engaged in protected activities, 2) the position was eliminated as to her, and 3) the position was eliminated as to her because of the protected activities." *Ruggles*, 797 F.2d at 786.

The degree of proof necessary to establish a *prima facie* case pursuant to Title VII on summary judgment is minimal and need not "rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co*., 26 F.3d 885, 889 (9th Cir. 1994). "The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination." *Id*. (citations and internal quotations omitted). "Establishment of a *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Id.* (citations and internal quotations omitted).

After plaintiff sets forth a *prima facie* case of discrimination, "[t]he burden of production, but not persuasion, shifts to the employer to articulate some legitimate non-discriminatory reason for the challenged action." *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000). Defendant's burden of

1   production does not shift the burden of proof which always remains with the plaintiff. *St.*

2   *Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993). Once the employer sets forth

3   legitimate nondiscriminatory reasons for its employment decision, "the presumption of

4   unlawful discrimination simply drops out of the picture." *Wallis*, 26 F.3d at 889.

5   If the defendant is successful, the plaintiff must show, by a preponderance of the

6   evidence, that the employer's stated reasons are actually pretexts for retaliation or by

7   persuading the court that a discriminatory reason was the actual motivating factor for the

8   refusal to hire. *Ruggles*, 797 F.2d at 786; *Chuang*, 225 F.3d at 1123 (*citing Texas Dep't*

9   *of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089 (1981)). "If the

10  plaintiff succeeds at this point, a presumption is created that the adverse employment

11  decision was the product of retaliatory intent. The defendant may rebut this presumption

12  by showing by a preponderance of the evidence that the adverse action would have been

13  taken even in the absence of discrimination or retaliatory intent." *Ruggles*, 797 F.2d at

14  786.

15  Defendant argues that Plaintiff has not made a *prima facie* case of discrimination.

16  While Defendant is a member of a protected class Defendant argues that Plaintiff was not

17  qualified for several of the positions for which she applied and/or the positions did not

18  remain open. As such, Plaintiff cannot establish a *prima facie* case of discrimination.

19  Defendant explains that Plaintiff did not meet the minimum qualifications for the

20  Indigent Defense Support Specialist position and she was not the most qualified

21  candidate for the Community Nutrition Worker position. The Housing Assistant position

22  did not receive a sufficient number of applicants and was closed before being filled.

23  Further, Plaintiff provided false information in every application for employment

24  submitted to Cochise County, which disqualified her for the positions.[1]   Defendant

25  ───────────────

26  [1] In her employment applications, Plaintiff denied that she had any prior criminal
    convictions. The lone exception was her employment application for the Indigent
27  Defense Support Specialist position in which Plaintiff declined to answer the question
    related to her criminal history and instead wrote that she would discuss this question at
    the interview. Defendant explains that Plaintiff actually had two criminal convictions at
28  the time she prepared the employment applications. Plaintiff has not disputed or
    contested these facts.

explains that the employment applications are submitted under penalty of perjury and require truthful information.  Finally, Defendant was not even the hiring authority for the Court Interpreter positions, which were hired through the State of Arizona.

Defendant further argues that Plaintiff has not made a *prima facie* case of retaliation.  Defendant does not dispute that Plaintiff engaged in protected activity when she complained about Mr. Reynolds in late December 2007 or early January 2008 or that Plaintiff was not hired by Defendant for a variety of positions for which she applied. However, Defendant states that Plaintiff has not set forth any evidence demonstrating a causal link between her complaints about Mr. Reynolds and the decision not to hire Plaintiff for the positions for which she applied.

Plaintiff has not responded to the Defendant's Motion and has not set forth any facts to establish a material issue for trial.  Moreover, Plaintiff has not provided any evidence to demonstrate that she was qualified for the Court Interpreter positions, the Community Nutrition Worker III position, the Indigent Defense Support Specialist, or the Victim Advocate position.

While Plaintiff had previously been employed with the Housing Department and may have met the minimum qualifications for the Housing Assistant position and the Housing Outreach Coordinator positions, Plaintiff has not disputed Defendant's argument that the Housing Assistant position did not remain open or that she provided false information on her employment applications, thus rendering her unqualified for the positions.  Finally, Plaintiff has not presented any facts to support her allegation that she was not hired in retaliation for filing  a complaint regarding Mr. Reynolds.

However, even assuming that Plaintiff sufficiently set forth a *prima facie* case of discrimination or retaliation, the "mere existence of a *prima facie* case … does not preclude summary judgment." *Wallis*, 26 F.3d at 890.  Defendant has set forth legitimate non-discriminatory explanations as to why Plaintiff was not hired for any of the positions

for which she applied.  First, Plaintiff provided false information regarding her prior criminal convictions in her employment applications.  Second, Plaintiff was not hired for the Housing Assistant position or the Housing Outreach Coordinator position because of her prior history of poor performance and misconduct while employed with the Housing Authority Department.[2]  Third, Plaintiff lacked the general qualifications for several of the positions as compared to the other applicants and finally, Cochise County was not the decision making authority for the Court Interpreter positions.

In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce "specific, substantial evidence of pretext." *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983). In other words, the plaintiff "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." *Id.*  Plaintiff has not presented any evidence to demonstrate that the legitimate non-discriminatory reasons for not hiring her were actually a pretext for discrimination.  Nor has Plaintiff presented any disputed material issues of fact.

Moreover, in her deposition, Plaintiff specifically explained that she did not know the qualifications of the individuals selected for the positions for which she applied nor did she know whether any of those individuals had a similar negative employment history as Plaintiff.  Additionally, Plaintiff did not know whether the other applicants had criminal histories or were untruthful in their employment applications.  *See* (Doc. 67 at ¶101-110).

Since Plaintiff failed to present evidence to refute the defendant's legitimate explanation, summary judgment is appropriate. *See McDonnell Douglas*, 411 U.S. at 890–91.

Accordingly, IT IS ORDERED:

1.      Defendant's Motion for Summary Judgment is GRANTED.  (Doc. 66).

2.      Defendant's Motion for Summary Disposition of Defendant's Motion for

---

[2]  Plaintiff's employment history with Defendant included reprimands, absenteeism, improper use of equipment, and improper attempts to obtain confidential information.  (Doc. 67 at ¶110).

Summary Judgment is DENIED.  (Doc. 71).

        3.      Plaintiff's Motion Regarding Attorney Fees and Court Costs is DENIED. (Doc. 72).

        4.      Judgment is awarded in favor of Cochise County and against Rafaela Valenzuela.

        5.      The Clerk of Court shall enter judgment accordingly and then close its file in this matter.

        Dated this 6th day of June, 2014.


                                        _____
                                        Cindy K. Jorgenson
                                        United States District Judge